# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

NATALIE LEBEDA,

    Plaintiff,

v().

OMNI MEDIATION GROUP INC.;
EARL WRAY; and
DOE 1-4

    Defendants.

Civil Action No. 1:12-cv-09363

## FIRST AMENDED COMPLAINT
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in collection efforts against Plaintiff while Plaintiff so resided.

## PARTIES

1

3. Plaintiff, Natalie Lebeda (hereinafter "Plaintiff" or "Mrs. Lebeda"), is a natural person residing in Cresthill, Illinois. Defendant, OMNI MEDIATION GROUP INC., is a New York corporation believed to maintain its principle place of business at 7705 Boston St. Rd. in Hamburg, New York. Defendant EARL WRAY is a natural person believed to be currently residing in Lakewood, New York or Hamburg, New York.

4. Based on substantial information, EARL WRAY is believed to be the sole officer of defendant OMNI MEDIATION GROUP, INC., was at all material times responsible for the debt collection policies and procedures of OMNI MEDIATION GROUP, INC., and operates, or operated, as a debt collector in his individual capacity, possibly using the alias of "Investigator Park" and/or "Investigator Chris." Moreover, based on substantial information, EARL WRAY resides, or resided, at a residential home located at 7705 Boston St. Rd. in Hamburg, New York, which is also listed as the principal place of business of OMNI MEDIATION GROUP, INC. Plaintiff believes and thereon alleges that EARL WAY is responsible for the occurrences herein alleged, and that EARL WRAY is responsible to Plaintiff for damages and/or monies owed.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-4, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

6. OMNI MEDIATION GROUP INC., EARL WRAY, and DOE 1-4 shall hereafter be jointly referred to as "Defendants."

2

7. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

8. On November 21, 2011, Defendants began contacting Mrs. Lebeda in an attempt to collect a consumer debt allegedly owed by Mrs. Lebeda.

9. On November 21, 2011, Defendants left a voice mail message for Mrs. Lebeda, the content of which is as follows:

> "This message is for Natalie Lebeda. My name is Investigator Park. I work in check fraud department in Omni Mediation Group. You have allegedly violated the penal code involving check fraud in Illinois. You need to contact me today to prevent any further action. Failure to do so may result in charges being filed against you within 48-hours. Return this call to 716-312-1818 or my toll free line 888-551-5070, extension 102. When you call refer to case number 65174. Good luck!"

10. Gravely concerned about Defendants' threats, Mrs. Lebeda retained counsel with Robert Amador of Centennial Law Offices.

11. On December 8, 2011, Defendants left a voice mail message for Mrs. Lebeda, the content of which is as follows:

> "Please do not hang up. This is not a sales or marketing call. This call is intended for Natalie Lebeda. I am calling you from Investigator Chris's office at the Omni Group. You need to contact his office today in order to avoid any further actions. Please call 716-312-1818 or toll free 888-551-5070. We look forward to assisting you."

12. On December 9, 2011, Mrs. Lebeda's attorney, Robert Amador, called Defendants. Mr. Amador notified defendants of his representation of Mrs. Lebeda and provided his contact information.

3

13. On or about December 14, 2011, Defendants left a third message for Mrs. Lebeda, the content of which was similar to the message of December 8.

14. Defendants have yet to provide Mrs. Lebeda or her counsel with debt validation information pursuant to 15 U.S.C. 1692g.

15. As a direct result of the collection activity herein alleged, Mrs. Lebeda has incurred legal fees of $2,055.00.

## CAUSES OF ACTION

### COUNT I

16. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692g with regards to Plaintiff as follows: Defendants failed to send Plaintiff debt validation information within 5-days of their initial contact with Plaintiff.

### COUNT II

17. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) and 1692(e)11 with regards to Plaintiff as follows: In their messages to Plaintiff, Defendants failed to state that the calls were from a collection company and being made in an attempt to collect a debt.

### COUNT III

4

18. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d and 1692e, particularly subsections 1692e(5) and 1692e(10), with regards to Plaintiff as follows: Defendants misrepresented and threatened Plaintiff that she was facing possible check fraud charges.

## COUNT IV

19. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692f with regards to Plaintiff as follows: Defendants misrepresented and threatened Plaintiff that she was facing possible check fraud charges.

## COUNT V

20. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(a)(2) with regards to Plaintiff as follows: Defendants, having actual knowledge that Plaintiff was represented by counsel, continued to contact Plaintiff directly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,055.00 for legal costs in responding to unlawful collection activity;

3.) For actual damages of $1,000.00 for emotional distress;

4.) For prejudgment interest in an amount to be proved at time of trial;

5.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

6.) For the costs of this lawsuit; and

7.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: November 18, 2013

s/Robert Amador

ROBERT AMADOR, ESQ.
Attorney for Plaintiff NATALIE LEBEDA
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com

6